UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

CAROLYN E. O'CONNOR, )
)
Plaintiff, )
)
v. ) Civil Action No. 1:19-cv-03245 (UNA)
)
)
DEPARTMENT OF INSURANCE, )
SECURITIES AND BANKING, *et al.*, )
)
Defendants. )

## MEMORANDUM OPINION

This matter is before the court on plaintiff's *pro se* complaint and application for leave to proceed *in forma pauperis* ("IFP"). The court will grant plaintiff's IFP application and dismiss the complaint for lack of subject matter jurisdiction, *see* Fed. R. Civ. P. 12(h)(3), and failure to state a claim, *see* 28 U.S.C. § 1915(e)(2)(B)(ii).

Plaintiff, a resident of the District of Columbia, sues (1) the District of Columbia Department of Insurance, Securities and Banking ("DISB"), (2) Cube Smart Corporation (headquartered in Wayne, Pennsylvania), and (3) John Does 1–15. Plaintiff alleges that she received a decision against Cube Smart from DISB regarding an alleged unconsented overcharge for a monthly insurance fee. She alleges that she was awarded reimbursement of $25, but that DISB declined to fine Cube Smart "for selling insurance without an insurance license[.]" She further alleges that she has yet to receive the $25 and she suspects bribery and collusion between DSDICB and Cube Smart. She also broadly alleges negligence, bad faith, and unspecified violations of the Racketeer Influenced and Corrupt Organizations Act ("RICO"). Plaintiff seeks millions of dollars in damages.

1

The subject matter jurisdiction of the federal district courts is limited and is set forth generally at 28 U.S.C. §§ 1331 and 1332. Under those statutes, federal jurisdiction is available only when a "federal question" is presented or the parties are of diverse citizenship and the amount in controversy exceeds $75,000. "For jurisdiction to exist under 28 U.S.C. § 1332, there must be complete diversity between the parties, which is to say that the plaintiff may not be a citizen of the same state as any defendant." *Bush v. Butler*, 521 F. Supp. 2d 63, 71 (D.D.C. 2007) (citing *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373-74 (1978)). A party seeking relief in the district court must at least plead facts that bring the suit within the court's jurisdiction. *See* Fed. R. Civ. P. 8(a). Failure to plead such facts warrants dismissal of the action. *See* Fed. R. Civ. P. 12(h)(3).

It is a "well-established rule" that the diverse citizenship requirement be "assessed at the time the suit is filed." *Freeport-McMoRan, Inc. v. K N Energy, Inc.*, 498 U.S. 426, 428 (1991). The complaint provides no basis for diversity jurisdiction because plaintiff and the DCDISB are both located in the District. *See Morton v. Claytor*, 946 F.2d 1565 (D.C. Cir. 1991) (Table) ("Complete diversity of citizenship is required in order for jurisdiction to lie under 28 U.S.C. § 1332."); *Bush v. Butler*, 521 F. Supp. 2d 63, 71 (D.D.C. 2007) ("For jurisdiction to exist under 28 U.S.C. § 1332, there must be complete diversity between the parties, which is to say that the plaintiff may not be a citizen of the same state as any defendant."). Additionally, plaintiff provides no identifying information regarding any of the Doe defendants. The Local Rules of this Court state that a plaintiff "filing *pro se in forma pauperis* must provide in the [complaint's] caption the name and full residence address or official address of each party." LCvR 5.1(c)(1).

The complaint also fails to present a federal question under 28 U.S.C. § 1331, despite the broad allegations that Cube Smart committed RICO violations. "Racketeering activity"

2

encompasses "any act which is indictable" under a specific list of federal criminal offenses known as "predicate offense[s]." 18 U.S.C. § 1961(1)(B); *RJR Nabisco, Inc. v. European Cmty.*, 136 S. Ct. 2090, 2096–97 (2016). Plaintiff fails to specify the specific predicate act(s) upon which her RICO allegations are based. Further, in order to plead a "pattern of racketeering activity," a plaintiff must specifically allege "at least two acts of racketeering activity . . . within ten years." *Center for Immigration Studies v. Cohen*, 2019 WL 4394838 at *6 (D.D.C. 2019) (citing 18 U.S.C. § 1961(5)). Plaintiff fails to provide any of the required information to sufficiently plead a pattern of racketeering. *See Edmondson & Gallagher v. Alban Towers Tenants Ass'n*, 48 F.3d 1260, 1263 (D.C. Cir. 2019) (listing factors). It appears that the crux of plaintiff's claim actually relates to her discontent regarding the outcome and execution of the underlying DISB decision. To the extent plaintiff seeks relief regarding that decision, her specific avenue of redress is through the District of Columbia Administrative Procedure Act. *See* D.C. Code § 2-510(a) ("Any person suffering a legal wrong, or adversely affected or aggrieved, by an order or decision of the Mayor or an agency in a contested case, is entitled to a judicial review thereof . . . upon filing in the District of Columbia Court of Appeals a written petition for review."). For these reasons, plaintiff has also failed to state a federal question.

Consequently, this case will be dismissed. A separate Order accompanies this Memorandum Opinion.

Date: December 16, 2019

United States District Judge

3